Judge Owsley
delivered the opinion of the court.
Deering being indebted to Eslíe Offut, in three obligations, one for one hundred dollars, datedA July, 1810, andther for two hundred dollars, dated the j5th July, 1810, and a third for sixty three bushels of salt, of the same date, but with a credit endorsed for twenty bushels^ to secure the payment of the same, delivered to the said Offiit in pledge, and made an assignment to him, of an obligation of six hundred and seventy five bushels of salt, payable the 3d September, 1812, which obligation had been previously given by a certain Moses Kibby to the said Deering.
After Jhis, Offut delivered over to a certain Thomas L, Patterson, as well the obligations upon Deering, as that assigned to him pn Kibby, with directions to collect the same, and apply to his own use so much as would satisfy a demand which Patterson is said to have had on Offut,
Patterson accordingly, with full knowledge of the assignment of the obligation upon Kibby having been made as a pledge to secure the debts to Offut, in August, 1812, a few days before the salt should have been paid, applied to Kibby, and after receiving about one hundred bushels, sold the residue of the demand to Kibhy and received full payment. '
Deering then conceiving himself much injured, exhibited his bill in equity against Offut, Patterson and Kibby; and, after setting forth the preceding fácts, charges that the salt was worth, and had been currently sold, at the time Patterson disposed of the demand to Kibby, * at one dollar for bushel,"and asserts a claim for the value of the salt due y Kibby, after deducting what he was owing upon the obligation to Offut,
As the obligation upon Kibby is clearly shewn to have delivered by Deering to Offut as a pledge, there can n0 question but that upon paying the debts due to Offut, Deering, at any time before the obligation was. discharged by Kibby, would have been entitled to a return of it; but as, by that assignment, Offut became invested with the le-to the obligation, Kibby, as he is not shewn to have had notice of the pledge, cannot be made liable to Deer- *327 ing’s claim, and, consequently, as to him the bill was properly dismissed.
Allthro’ whose hands *e note has ⅛⅛ j’0 the payee for the s"m exceed-XhUwt pledged.
If ihe bal-n"^’ p™ ter than that aHedged in ^1*1, ance ⅛ prov* ed, the payee indimkedinVis rpC0VRry by the allega-Í’F1 111 tlie bl
liardin for appellant, Blair for appellee.
Notwithstanding, however, Offut, by the assignment, gained the legal title to the obligation, yet holding it as a pledge, it is clear, that he ought not, either by himself or any other, to have sold it to Kibby, and as Patterson, with full knowledge of the pledge, admits the sale, although, as lie says, for the purpose of obtaining the payment of a debt due to himself by Offut, he, as well as Offut, must be considered as equally participating in the wrong, and jointly accountable to Deering for any injury which he may have sustained in consequence thereof.
If, as is alledged, Offut’s debt to Patterson was discharged by the proceeds of the sale to Kibby, that circumstance ought to be regarded as first to subject Offut to the payment of that amount; but, as there is nothing in the present case from which the amount of Offut’s demand can be as-cevtained, it should not be allowed even to affect the manner of entering the decree.
Offut and Patterson, then, must both be accountable to Deering, so that it remains only to enquire, whether the decree is for a greater amount than he has shewn himself entitled.
It certainly is not for more than the evidence authorises. But as it is for more than he has alledged in his bill that the salt was worth, it is contended that the decree should be reversed.
We are, however, of opinion, that the alledged value the bill, does not preclude Deering from recovering to the extent of the injury proven by the evidence.
Even in actions at common law, although there can be no recovery beyond the damages laid in the declaration, yet if the damages laid are sufficient, the plaintiff may recover more than the alledged value of the goods. And if more may be recovered at law, a fortiori, should more be recoverable in chancery, where the same technicality of proc ceding is not observed.
But as the decree is against Patterson only, for the amount to which the appellee is entitled, whereas we have seen it ought to have been jointly against him and Offut: The judgment must, therefore, be reversed with cost, the cause remanded, and a decree entered according to the principles of this opinion.