Judge Owsley
delivered the opinion of the court.
On the 7th of December, 1797, James Trabue, the ancestor of the plaintiffs in error, sold and conveyed to North, by deed of general warranty, one hundred acres of land, lying in the county of Harrison. After this, North purchased of the said James Trabue, at the price of forty shillings per acre, an additional parcel of land, adjoining the one hundred acre tract on the north; and by an agreement in writing; bearing date the 19th of November, 1798, and signed and sealed by the parties, North stipulated for the payment of the price, and Trabue, on his part, describing the boundary, covenanted to convey the same by a deed with warranty to refund the price, with interest, in case the land should be lost.
Subsequent to this the following writing was entered into between North and Trabue, viz:
“Conditional articles of agreement entered into this 9th "day of December, 1799, between James Trabue, of Char *362 "lotte county, Virginia, of the one part, and Abijah North, “of Harrison county, Kentucky, of the other part, are as “follows:—If the land that the aforesaid James Trabue “hath sold to the aforesaid Abijah North, should be lost by “a better claim, or any part of it, the said Trabue doth a“gree that the said North shall have the same number of “acres in any place he pleases within that part of the same “tract which is held by said Trabue; provided said North “can exchange the said land for the land he now lives on—“if not, the above article to be void. Whereunto we set “our hands the day and date above written.
“JAMES TRABUE.
“ABIJAH NORTH.”
To obtain the specific execution of this contract, North exhibited his bill against the heirs of Trabue, and after stating the preceding agreement, charges the loss of about one hundred and eleven acres of the land purchased of Trabue, in a contest to which the heirs were also a party, and alledges that he has made an agreement with a certain M’Millian, in whose favor the recovery of the lost land was had, to exchange therefor an equal quantity of acres out of the tract of Trabue and adjoining the land sold by Trabue to North, and prays the court to decree a conveyance to be made by the heirs for the land, which he, North, has so agreed to give in exchange to M’Millian, and which, under his contract with Trabue, he has chosen as an indemnity for the loss of the land purchased from Trabue.
The heirs of Trabue, by their answer, say, they know nothing of the contracts made between their ancestor and North; admit the loss of part of the land, but alledge they are ignorant of the quantity, and require proof thereof—charge that there are valuable improvements upon the land chosen by North—deny that a conveyance ought to be decreed to North; and insist, that if decreed to convey, North should be compelled to compensate them for the improvements.
On a final hearing, the court below pronounced a decree compelling the heirs of Trabue to convey 114 acres by metes and bounds, being the quantity reported by the surveyor to have been lost by North out of the land purchased from Trabue. From that decree Trabue's heirs have appealed to this court.
The assignment of errors questions as well the extent of the relief given, as the right of North to any relief.
What is admitted by the pleadings need not be proved.
Where a warrantor admits a loss of the land sold the surveyor's report is competent evidence of the quantity.
The objection against North’s right to any relief, is taken, mainly, upon the supposition of his having failed to shew the land to have been lost in a contest with an adverse paramount claim But upon adverting to the answer of the heirs of Trabue, it will be perceived that they have admitted the loss, and only require the extent of M’Millian’s recovery to be proven.
Under the pleadings of the parties, therefore, it cannot have been necessary for any evidence of the paramount validity of M’Millian’s claim to be produced; for it is well settled, that no fact admitted by the pleadings, either in law or equity, need be proven by the parties.
But conceding the land to have been lost by a paramount claim, it is urged, that from the nature of the agreement sought to be specifically executed, the land now in contest, as it appears to have been improved by Trabue and his heirs, ought not to be decreed to North; but, it is insisted North should have chosen other unimproved lands within the tract of Trabue.
To this, it is sufficient to observe, that the answer of the heirs no where suggests that Trabue’s tract contains any unimproved land which could have been chosen by North, and there is nothing in either the exhibits or evidence conducing to shew a selection could have been made more advantageous to the heirs.
But admitting North’s right, it is contended the court erred in the extent of the relief given:
1 Because, it is urged, that the quantity of acres recovered by M’Millian is not sufficiently proven.
2. Because part of the land lost is not embraced by the conveyance made by Trabue to North.
3. Because, since the death of Trabue, by an agreement made between North and the heirs, North, as to part of the land lost, has waived his right, if any he had, under the agreement sought to be enforced.
4. Because North in his bill alledges a loss of but 111 acres; whereas, by the decree he has recovered 114 acres.
The first objection will be answered by adverting to the report of the surveyor exhibited in the cause. From that it appears 114 acres were recovered by M’Millian; and although under a different state of pleadings, other evidence might have been required after an admission of the loss, it cannot have been necessary to do more than obtain the re *364 port of a surveyor made out by actual experiment upon the ground ascertaining the quantity.
An ancestor selling lands, if the heirs by deed promise to convey, it is no waiver of any right conferred on vendee by the bond of the ancestor.
Though a bill claiming compensation for lost land may alledge the loss to be less than it really is, compl’t shall be relieved according to the real and not be confined to the computed loss. 1 Mar. 326, acc.
The surveyor reports 76 Acres of the lost land to be embraced by the deed of Trabue to North, and 38 acres to be embraced within the boundary subsequently purchased by North; and the second objection is taken upon the supposition of the contract, sought to be enforced, including the former and not the latter.
We think, however, that according to the most rational and obvious import of the contract, it must be understood to embrace both. Although no conveyance has been made of the latter, it may, in strict propriety, be said to have been sold by Trabue; and it is upon the event of any part of the land sold being lost, Trabue, by his contract, is bound to convey other land to North.
After the death of Trabue, North received from two of his heirs a writing, under their hands and seals, acknowledging payment for the land last purchased and obligating themselves to make a title when the heirs should arrive at full age; and the receipt of that obligation is relied on by the third objection as an implied waiver of any right which North might have had to a specific execution of the contract, as to any part of the land embraced by his last purchase from Trabue.
It is plain, however, the agreement with the heirs was not designed to have the effect contended for. By that agreement the heirs came under no greater obligation to North than was imposed upon them by the obligation of their ancestor, and by obtaining a more distant day, than that contained in the obligation of Trabue, to make the title, cannot be supposed to have been intended by the parties to preclude North from asserting any right to indemnity acquired under his agreement with their ancestor.
And with respect to the fourth objection, it may be remarked, that the bill asserts claim to as much land as had been taken by the paramount title of M’Millian; and although the quantity is described to be about 111 acres, that description ought not, upon any rational principle, to be construed to preclude a recovery for the true quantity ascertained to be lost.
But upon the supposition of the decree being otherwise correct, it is finally objected, that North should have been compelled to compensate the heirs for the improvements upon the land.
Hardin for plaintiff, Bibb for defendants.
If the heirs could, under any circumstances, be entitled to pay for the improvements, it would be in consequence of the increased value of the land produced by its having, by the labor and expense of the heirs, been converted from its natural to its ameliorated state.
But in the present case there is no evidence conducing to shew that the improvements, alledged to have been made, adds any thing to the intrinsic value of the land; and North in his answer to interrogatories put to him by the answer of the heirs, expressly denies that the land has been increased in value by the improvements.
Under these circumstances, whatever might otherwise have been proper, the circuit court cannot have erred in not decreeing compensation for the improvements.
The decree must therefore be affirmed with cost.